DECISION
Plaintiffs appeal the penalty and interest imposed by Defendant on their 2005 state tax liability by notice issued December 3, 2007. Plaintiffs request a net refund of $1,521. Defendant disagrees, asking the court to uphold the adjustment to their untimely return, along with the assessment of penalty and interest. The court discussed the appeal with the parties on May 5, 2008. Plaintiffs were represented by Warren T. Henry (Henry). Defendant was represented by Laurie Fery (Fery), an auditor with the Oregon Department of Revenue. The parties presented their positions and asked the court to rule on the matter.
 I. STATEMENT OF FACTS
Plaintiff's 2004 and 2005 Oregon income tax returns were both filed after the applicable statutory due date. The 2004 return, due April 15, 2005, [1] was filed on December 1, 2006. That return reported a refund of $4,430, and Plaintiffs asked Defendant to apply that amount to their 2005 tax liability.
Plaintiffs filed their 2005 state income tax return on October 15, 2007. That return, due by April 17, 2006, (because April 15 was a Saturday, which automatically extends the deadline to *Page 2 
the following Monday) reported a net self-assessed tax of $6,690, withholding of $3,781, and a credit of $4,430 from Plaintiffs' 2004 return, generating a reported refund of $1,521.
Defendant reviewed Plaintiffs' 2005 return, determined it was late and made the following adjustments:
1) assessed a 25 percent penalty in the amount of $727.25;
2) applied the $4,430 tax year 2004 refund as a credit as of December 1, 2006 (the date the 2004 return was filed);
3) imposed interest of $126.60 on the unpaid balance of $2,909 ($6,690 self-reported tax minus $3,781 withholding) that existed from the 2005 return due date of April 17, 2006, through December 1, 2006 (when the 2004 return was filed requesting credit of the refund be applied to 2005); and
4) determined that there was an overpayment of $667.15, generating a refund in that amount.
Plaintiffs contend that the $4,430 excess withholding from 2004 should be automatically applied to 2005 as a timely payment, and, when added to the 2005 withholding of $3,781, generates a refund of $1,521 (based on a tax of $6,690). That amount is $853.85 more than the $667.15 refund Defendant issued. Henry emphasized at the May 5, 2008, hearing that the state had Plaintiffs' money — from withholding in 2004 — and that Plaintiffs' late return did not "cost the state any money." In other words, Defendant had the use of the money ($4,430 from excess withholding in 2004) before Plaintiffs' 2005 taxes were due, and Plaintiffs should be entitled to the benefit of having the excess credited to 2005, regardless of the fact that the 2004 return requesting that the refund be credited to 2005 was not filed until after the 2005 return was due.
Fery responded that each year stands on its own, and that the 2004 withholding could not be applied as an estimated tax payment for 2005 until the date that the 2004 return was filed. *Page 3 
It is not until a return is filed, argues Fery, that excess payments take the form of a refund, and it is only by statute that an overpayment from one year can be applied to another. Moreover, Defendant's administrative rule discusses the application of overpayments in the case of a delinquent return, and it limits the application of an overpayment to the date the return reporting the excess payment (i.e., refund) and requesting application of that excess to another tax year, is filed. The court agrees with Defendant's view of the rule, which implements a statute containing similar restrictions, as explained below.
 II. ANALYSIS
Plaintiffs' 2004 and 2005 returns were filed beyond the applicable due dates. ORS 314.385[2] requires the Oregon return to be filed "on or before the due date of the corresponding federal return." Internal Revenue Code (IRC) section 6072(a)[3] provides that returns for calendar year taxpayers "shall be filed on or before the 15th day of April following the close of the calendar year" for which the return is due. Plaintiffs did not file their 2004 return until December 1, 2006, more than 19 months after the due date, and some seven months after the 2005 return was due. Plaintiffs' 2005 return was not filed until October 15, 2007, approximately 18 months after the April 17, 2006, due date.
A. Late Filing Penalties
ORS 314.400(1) provides for a penalty equal to five percent of the amount of the unpaid tax when a taxpayer fails to either timely file a return or pay the tax due. The penalty increases another 20 percent (for a total penalty of 25 percent) if the delinquency exceeds three months. Specifically, ORS 314.400 provides in relevant part:
 "(1) If a taxpayer fails to file a report or return or fails to pay a tax by the date on which the filing or payment is due, the Department of Revenue shall add to the amount required to be shown as tax on the report or return a delinquency penalty of *Page 4 five percent of the amount of the unpaid tax.
 "(2) If the failure to file a report or return continues for a period in excess of three months after the due date:
 "(a) (A) There shall be added to the amount of tax required to be shown on the report or return a failure to file penalty of 20 percent of the amount of the tax[.]"
(Emphasis added.)
Because Plaintiffs' 2005 return was filed more than three months after the April 17, 2006, due date provided in Internal Revenue Code (IRC) section 6072(a), made applicable to the Oregon state return by ORS314.385, Defendant imposed a late filing penalty of 25 percent of the tax due, which came to $727.25. Imposition of that penalty comports with applicable law.
B. Credit for Excess Taxes for Subsequent Year
Plaintiffs also seek application of the 2004 overpayment (refund) to their 2005 tax liability on or before the due date for payment of their 2005 taxes. Defendant applied the payment as of the date the 2004 return was filed — December 1, 2006.
The application of an overpayment of taxes from an earlier year to a later year is governed by statute, specifically ORS 316.583. Subsection (3) of that statute applies to untimely returns, and provides that the taxpayer may elect "to have the overpayment credited against an installment of estimated tax for a subsequent taxable year." However, "[t]he amount credited shall be deemed paid as estimated tax on the datethe return was filed." ORS 316.583(3) (emphasis added).[4] The corresponding administrative rule, referenced by Fery, contains the same limitation to the *Page 5 
crediting of an overpayment. OAR 150-316.583 (2)(b) provides:
 "When the taxpayer files a delinquent return, and the tax shown due is less than the amount of withholding and prepayments, the taxpayer may apply the overpayment to an estimated tax account for a subsequent year. Overpayments shall be applied to the extent approved on review and as of the date the return is filed."
(Emphasis added.)
Based on the statute and administrative rule, Plaintiffs were not entitled to have the $4,430 refund from 2004 applied to their 2005 tax liability until the 2004 return was filed on December 1, 2006. At that point, the 2005 return was not yet filed, and was approximately seven and one-half months overdue. Moreover, there was an unpaid tax due of $2,909 as of the April 17, 2006, filing deadline for the 2005 return.
C. Interest
Defendant also imposed interest on the $2,909 unpaid tax between April 17, 2006, and December 1, 2006. That unpaid balance existed because Plaintiffs were not credited with the 2004 refund until they filed their 2004 return on December 1, 2006, as explained above.
ORS 314.395(1) requires that the tax be paid "at the time fixed by ORS314.385 for filing the return without regard to extensions." The tax for 2005 was due April 17, 2006. The return was untimely. ORS 305.220(1) provides for the imposition of interest in the case of a delinquent return. Defendant imposed interest in the amount of $126.60. That charge was required by statute. Plaintiffs have not cited any legal authority for waiver of the interest other than by crediting the 2004 overpayment before the 2004 return was filed, which, as explained above, is contrary to law. The court is not aware of any legal authority for waiving the interest.
 III. CONCLUSION
The court concludes that Plaintiffs are not entitled to have the excess taxes paid in 2004 through withholding applied to their 2005 tax liability until the 2004 return was filed on December 1, *Page 6 
2006. Moreover, because there was an outstanding liability for 2005 from the date that the 2005 return was due — April 17, 2006 — until that return was filed on October 15, 2007, a period exceeding three months, Plaintiffs were properly assessed a penalty equal to 25 percent of the outstanding tax liability of $2,909, which came to $727.25, and statutory interest. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal requesting a refund for the 2005 tax year in the amount of $853.85, based on a credited overpayment of $4,430 from 2004, is denied;
IT IS FURTHER DECIDED that Plaintiffs' request for cancellation of the 25 percent penalty imposed by Defendant because Plaintiffs' 2005 return was filed more than three months after the statutory due date, is denied; and
IT IS FURTHER DECIDED that Plaintiffs' request for cancellation of the interest Defendant imposed on Plaintiffs' unpaid tax balance for the 2005 tax year is denied.
Dated this _____ day of June 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 12, 2008.The Court filed and entered this document on June 12, 2008.
[1] Under ORS 314.385, and Internal Revenue Code (IRC) 6072(a), the 2004 return was due April 15, 2005.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005.
[3] References to the IRC are to the 1954 code, as amended and current through January 2006.
[4] ORS 316.583(3) provides in relevant part:
 "If there is an overpayment of income taxes for the taxable year, and the taxpayer elects on a return * * * for that taxable year filed after the due date (determined with regard to any extension of time for filing) to have the overpayment credited against an installment of estimated tax for a subsequent taxable year, the overpayment shall be credited against that installment of estimated tax. The amount credited shall be deemed paid as estimated tax on the date the return was filed." (Emphasis added.) *Page 1